FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:22-CR-02015-SMJ-1 |
| Plaintiff, | ORDER SETTING CONDITIONS OF RELEASE |
| vs. | ECF No. 5 |
| TAYLOR JARON ANTELOPE, | |
| Defendant. | |

On Tuesday, March 08, 2022, the Court conducted a detention hearing in accordance with 18 U.S.C. § 3142(f). With Defendant's consent, Defendant appeared by video from the Yakima County Jail. Defendant was represented by Assistant Federal Defender Craig Webster. Assistant United States Attorney Matthew Stone represented the United States.

The Court considered the pretrial services report (ECF No. 16) recommending release on conditions, the Government's withdrawal of its Motion for Detention (ECF No. 5), and counsels' arguments. Defendant did not object to any of the conditions of release recommended in the pretrial services report. To

ORDER - 1

decide whether conditions of release would reasonably assure Defendant's appearance in court and the safety of the community, the Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense;
2. The weight of the evidence against the Defendant;
3. The history and characteristics of the Defendant; and
4. The nature and seriousness of the danger the Defendant would present to the community if released.

Defendant is charged in the Indictment with one count of Possession with Intent to Distribute 50 grams or more of Actual (Pure) Methamphetamine. The nature of the offense is serious. However, Defendant has minimal criminal history and significant ties to the District. Therefore, the Court concurs with the recommendation of the parties, and finds there are conditions of release that can be fashioned to address the risk of danger to the community and risk of non-appearance.

**IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 5**) is **WITHDRAWN**.

2. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C.

ORDER - 2

§ 3142(f), that party shall file a motion with the Court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

3. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(a), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

4. Defendant is bound over to Judge Salvador Mendoza, Jr. for further proceedings.

5. Defendant shall abide by the following conditions at all times:

**STANDARD CONDITIONS OF RELEASE**

1. Defendant shall not commit any offense in violation of federal, state or local (including tribal) law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

2. Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

ORDER - 3

4.	Defendant shall sign and complete form A.O. 199C before being released.

5.	Defendant shall not possess a firearm, destructive device, or any dangerous weapons.

6.	Defendant shall report to the U.S. Probation/Pretrial Services Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7.	Defendant shall contact defense counsel at least once a week.

8.	Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

9.	Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

10.	Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

ORDER - 4

## SPECIAL CONDITIONS OF RELEASE

1. Defendant shall remain in the Eastern District of Washington for court proceedings unless given permission by the United States Probation/Pretrial Services Office.

2. Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3. Defendant shall reside at alternate release address 2 and must have pre-approval from the U.S. Probation/Pretrial Services office prior to change in address.

4. Defendant shall avoid all contact, direct or indirect, with any codefendants or persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

5. Defendant shall maintain employment, or, if unemployed, actively seek employment and/or, maintain or commence an educational program.

6. Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial Services Office. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial services office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation,

ORDER - 5

treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

    7.    Defendant shall abstain totally from the use of alcohol.

    8.    Defendant shall submit to random urinalysis and breathalyzer testing as directed by the United States Probation/Pretrial Services Office.

    9.    Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

    10.    Defendant shall not operate motor vehicle without a valid driver's license.

    11.    GPS Location Monitoring: Defendant shall participate in a program of GPS location monitoring. Defendant shall wear at all times a GPS device under the supervision of United States Probation/Pretrial Services Office. In the event Defendant does not respond to GPS monitoring or cannot be found, the United States Probation/Pretrial Services Office shall immediately advise the Court. Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office.

    12.    Home Detention: Defendant shall be restricted to Defendant's residence at all times except for attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the pretrial

ORDER - 6

services office or supervising officer, including but not limited to employment, religious services, medical necessities, substance abuse testing or treatment.

13. Defendant shall be released from custody at 8:00 a.m. on March 9, 2022 for installation of location monitoring.

DATED March 9, 2022.

<i>s/James P. Hutton</i><br>
JAMES P. HUTTON<br>
UNITED STATES MAGISTRATE JUDGE

ORDER - 7